UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-120-JBC

CHANDRA RATLIFF
on behalf of
CRYSTAL R. GIBSON,                                                          PLAINTIFF,

V.            MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                    DEFENDANT.

* * * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income ("SSI"). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I. Overview of the Process

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a

1

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability of a claimant who has attained the age of 18, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ determines whether one or more of the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

In determining disability of a claimant who has not attained the age of 18, the ALJ conducts a three-step analysis. At Step 1, the ALJ determines whether the

claimant is engaged in substantial gainful activity. At Step 2, the ALJ determines whether the claimant has a medically determinable "severe" impairment or a combination of impairments that is "severe." At Step 3, the ALJ determines whether the claimant has an impairment or combination of impairments that meets or medically equals the criteria of a listing, or that functionally equals the listing. 20 C.F.R. §§ 416.924, 416.926.

**II. The ALJ's Determination**

At the time of the alleged disability onset date, the plaintiff was a seventeen-year-old female attending special education classes in high school. AR 31, 43, 317. She alleges disability due to attention deficit hyperactivity disorder, being a "slow learner," anxiety, and exercise-induced asthma. AR 93. The plaintiff filed her claim for SSI on June 9, 2005, which was denied initially and on reconsideration. AR 31. After a hearing held on November 8, 2006, Administrative Law Judge ("ALJ") Charlie P. Andrus determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 312. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 17. At Step 2, the ALJ found that before age 18 the plaintiff had severe impairments of borderline intellectual functioning, anxiety disorder, scoliosis with residual back pain, and mitral valve prolapsed associated with chest discomfort, and after age 18 these severe impairments persisted but the plaintiff had not developed any new severe impairments. AR 17. At Step 3, the ALJ

determined that before the plaintiff attained 18 years her impairments did not meet or functionally equal a listing in the Listing of Impairments, and after the plaintiff attained 18 years her impairments did not meet or equal a listing in the Listing of Impairments. AR 18. At Step 4, the ALJ found that the plaintiff has no past relevant work. AR 30. Finally, at Step 5 the ALJ found that with the plaintiff's residual functional capacity ("RFC"), jobs that the plaintiff can perform exist in significant numbers in the national economy, and the ALJ therefore denied the plaintiff's claims for SSI. AR 30. On May 25, 2007, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 8, and the plaintiff then commenced this action.

### III. Legal Analysis

The plaintiff makes two claims regarding the ALJ's Step 3 analysis: 1) the ALJ erred by personally interpreting medical records submitted after the administrative hearing rather than summoning a medical expert; and 2) the ALJ's decision is not supported by substantial evidence because he misinterpreted the testimony of Mr. Phil Pack, a consultative psychologist. The court finds that the ALJ was not required to obtain a medical expert to review the post-hearing medical records because it is the plaintiff's burden to provide such an expert. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). The court also finds that the ALJ accurately characterized the statement made by Mr. Pack and that the ALJ's decision is supported by substantial evidence.

The plaintiff first argues that the ALJ erred by failing to summon a medical expert to review records from Mountain Comprehensive Care Center submitted after the administrative hearing. DE 9, at 2. Rather than summoning an expert, the ALJ examined the records, determined they presented no relevant evidence, and decided against the plaintiff based on other evidence in the record. AR 18. The plaintiff contends the Mountain Comprehensive Care Center records may demonstrate an adaptive functioning deficiency, qualifying her as "mentally retarded" under Listing of Impairments 12.05C,[1] and that only a medical expert is qualified to support or refute this claim. DE 9, at 2. However, the plaintiff, rather than the ALJ, bears the burden to submit specific medical findings that her condition is equivalent to an entry within the Listing of Impairments. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Although the ALJ may refer plaintiffs to consultative physicians on his own initiative, such referral is *discretionary* and relevant only when the record lacks substantial evidence. *Id.* The ALJ properly exercised his discretion by noting that the Mountain Care records presented no specific medical findings in favor of the plaintiff and relying on the substantial evidence in other parts of the record.

---

[1] Listing 12.05C, the governing section for mental retardation, requires that the plaintiff demonstrate both subaverage intellectual functioning and deficits in adaptive functioning. *See* 20 C.F.R. pt. 404, subpt. P, app.1, § 12.05. The plaintiff challenges only the ALJ's finding that she did not meet the adaptive functioning requirement.

The plaintiff next challenges the ALJ's characterization of the diagnosis by the consultative psychologist, Mr. Pack, implicitly claiming that the ALJ's decision is not supported by substantial evidence. Pack reported that the plaintiff's IQ scores were within the range of the mental retardation listing, but questioned whether her adaptive functioning warranted a diagnosis of mental retardation.[2] AR 211. He instead diagnosed borderline mental capacity, a condition not recognized by the Listing of Impairments. *Id.* The ALJ noted that "Mr. Pack found [plaintiff's] adaptive behavior would not verify a formal diagnosis of mental retardation." AR 18.

The plaintiff argues that although Pack expressed uncertainty about the plaintiff's adaptive functioning, Pack did not rule out the possibility that she may be mentally retarded and the ALJ did not include this distinction in his analysis. DE 9, at 2. The plaintiff raises a distinction without a difference: regardless of how the ALJ worded his finding, he properly found that neither Pack's diagnosis nor his conjecture regarding the plaintiff's condition meets the plaintiff's burden to prove mental retardation.[3] *See* AR 18; *Foster v. Halter*, 279 F.3d 348, 355-56 (6th Cir. 2001).

---

[2] "[Plaintiff] presents with scores that place [her] in the mild to borderline ranges of mental retardation. I am not sure that adaptive behavior would verify a diagnosis of mental retardation." AR 211.

[3] Although the court finds that the ALJ did not improperly characterize Mr. Pack's statement, a contrary finding would not affect the case's disposition: the record contains substantial evidence elsewhere that Plaintiff is not disabled, so improper reliance upon Pack's statement would result in harmless error.

The record contains substantial evidence to affirm the ALJ's ruling. *See Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). No medical expert diagnosed the plaintiff with mental retardation; Mr. Pack diagnosed her with a less serious and non-listed condition, and this finding was supported by government consultative physicians who reviewed the record. AR 212, 217, 232. Additionally, the plaintiff's high-school teacher evaluations provide evidence that she completed tasks properly without a deficit in adaptive functioning. AR 126-29. One teacher noted that the plaintiff "Functions well in my classroom. . . I believe with a little work and focus she could accomplish anything." AR 124. The records from Mountain Comprehensive Care Center do not contradict the evidence weighing against the plaintiff: while on one visit it was noted that she had "impaired judgment," other visits to the Center resulted in no adverse findings regarding mental functioning. AR 303-09. As the record contains substantial evidence to support his finding, the ALJ acted within his discretion in finding that the plaintiff had not met her Step 3 burden to prove a listed impairment or to prove a listed impairment or combination of impairments that meets or medically equals the criteria of a listing, or that functionally equals the listings. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 9) is **DENIED.**

Signed on July 31, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY